IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) NATHAN J. GOAD,<br><br>              Plaintiff,<br>v.<br><br>(1) STATE OF OKLAHOMA, *ex rel.*, THE BOARD OF REGENTS OF REGIONAL UNIVERSITY SYSTEM OF OKLAHOMA, as governing board of the UNIVERSITY OF CENTRAL OKLAHOMA,<br><br>- and -<br><br>(2) STEVEN HANSEN, individually,<br><br>              Defendants. | **Case No.: 19-cv-562-PRW** |

## ANSWER OF DEFENDANTS TO PLAINTIFF'S COMPLAINT

Defendants State of Oklahoma, *ex rel.,* The Board of Regents of Regional University System of Oklahoma, ("RUSO"), and Steve Hansen, for their answer to Plaintiff's Complaint, deny each and every allegation contained therein except those specifically admitted hereinafter:

1. Admitted.

2. Admitted.

3. Admitted.

### JURISDICTION AND VENUE

4. This paragraph states only jurisdiction and venue matters and does not require a response.

5. This paragraph states only jurisdictional and venue matters and does not require a response.

## FACTUAL ALLEGATIONS

6. Defendants are without sufficient information to admit or deny the allegations contained in Plaintiff's ¶ 6 and therefore deny the same.

7. Admitted.

8. Denied.

9. Admitted.

10. Denied.

11. Admitted.

12. Defendants admit that Hansen previously worked at and attended classes at Andrews University, a private religious institution. Defendants deny the remainder of the allegations contained in Plaintiff's ¶ 12.

13. Denied.

14. Denied as stated.

15. Denied as stated.

16. Defendants are without sufficient information to admit or deny the allegations contained in Plaintiff's ¶ 16 and therefore, deny the same.

17. Denied.

18. Denied.

19. Defendants are without sufficient information to admit or deny the allegations contained in Plaintiff's ¶ 19 and therefore, deny the same.

20. Denied.

21. Defendants are without sufficient information to admit or deny the allegations contained in Plaintiff's ¶ 21 and therefore, deny the same.

22. Defendants are without sufficient information to admit or deny the allegations contained in Plaintiff's ¶ 22 and therefore, deny the same.

23. Denied.

24. Defendants are without sufficient information to admit or deny the allegations contained in Plaintiff's ¶ 24 and therefore, deny the same.

25. Defendants are without sufficient information to admit or deny the allegations contained in Plaintiff's ¶ 25 and therefore, deny the same.

26. Denied.

27. Defendants are without sufficient information to admit or deny the allegations contained in Plaintiff's ¶ 27 and therefore, deny the same.

28. Defendants are without sufficient information to admit or deny the allegations contained in Plaintiff's ¶ 28 and therefore, deny the same.

29. Denied.

30. Defendants are without sufficient information to admit or deny the allegations contained in Plaintiff's ¶ 30 and therefore, deny the same.

31. Defendants are without sufficient information to admit or deny the allegations contained in Plaintiff's ¶ 31 and therefore, deny the same.

## FIRST CAUSE OF ACTION – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, AGAINST DEFENDANT UCO FOR GENDER DISCRIMINATION

32. Denied.

33. Plaintiff's ¶ 33 calls for a legal conclusion and therefore there is no response needed as to Defendant UCO. Defendant Hansen denies the claims and allegations contained in Plaintiff's ¶ 33.

34. Denied.

35. Denied.

36. Denied as stated.

37. Denied as stated.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

## SECOND CAUSE OF ACTION – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED AGAINST DEFENDANT UCO FOR RETALIATION

42. Denied.

43. Plaintiff's ¶ 43 calls for a legal conclusion and therefore there is no response needed.

44. Defendants are without sufficient information to admit or deny the allegations contained in Plaintiff's ¶ 44 and therefore, deny the same.

45. Denied.

46. Denied.

47. Denied.

### THIRD CAUSE OF ACTION – VIOLATION OF 42 U.S.C. § 1983 AGAINST STEVEN HENSON, INDIVIDUALLY

48. Denied.

49. Plaintiff's ¶ 49 is a legal statement and contains no allegations against Defendant and therefore no response is required.

50. Defendants are without sufficient information to admit or deny the allegations contained in Plaintiff's ¶ 50 and therefore, deny the same.

51. Denied.

52. Denied.

53. Denied.

54. Defendant Hansen states Plaintiff was terminated due to poor work performance and quality.

55. Denied as stated.

56. Denied.

57. Denied.

58. Denied.

### AFFIRMATIVE DEFENSES

Defendants for their affirmative defenses state as follows:

1. Plaintiff fails to state a claim upon which relief can be granted;

2. The State of Oklahoma, RUSO and UCO are entitled to sovereign immunity from suit;

3. The State of Oklahoma, RUSO and UCO are entitled to Eleventh Amendment Immunity;

4. Punitive damages are not recoverable against a state or its entities or agencies;

5. Plaintiff caused or contributed to his alleged injuries and damages by his behavior;

6. Plaintiff failed to exhaust all administrative remedies;

7. Plaintiff has no damages or has otherwise failed to mitigate his damages;

8. Plaintiff fails to state a claim that would require the Court to impose any equitable relief on Defendants;

9. Plaintiff's claims are limited or otherwise barred by the Governmental Tort Claims Act ("GTCA") of the State of Oklahoma;

10. Plaintiff's damages are capped or otherwise limited pursuant to Title VII and Title IX;

11. All employment decision regarding Plaintiff were made for good faith, bona fide legitimate business reasons;

12. At no time were the employment actions or decision of Defendants done for or motived by any improper or illegal reasons;

13. Defendant Hansen is entitled to qualified immunity on all federal claims asserted against him. Hansen is entitled to qualified immunity for the reason that no constitutional or federal statute violation occurred when Plaintiff was terminated;

14. Plaintiff is not a "Whistleblower," and has not articulated a violation of clear public policy;

15. Plaintiff is not entitled to monetary damages pursuant to law;

16. Plaintiff's alleged facts supporting his claim of freedom of speech or of association, are insufficient to establish a constitutional violation as a matter of law;

17. Notwithstanding allegations by Plaintiff concerning his First Amendment claim for freedom of association, the same business decision would have been made and Plaintiff would have been terminated in any event due to his poor job performance and quality of work. Defendants would have taken the same action notwithstanding any political or group association;

18. Plaintiff cannot recover punitive damages under the alleged facts asserted by Plaintiff in any of his claims.

19. Pursuant to the doctrine of after acquired evidence, Plaintiff would have been terminated had Defendants previously known of misconduct of Plaintiff; and

20. Defendants reserve the right to amend these affirmative defenses should discovery indicate the applicability of other defenses.

WHEREFORE, Defendants respectfully requests that Plaintiff take nothing by his complaint and that Defendants be awarded attorney fees and costs for the defense of this matter.

Respectfully submitted,

 /s/Richard N. Mann
**RICHARD N. MANN, OBA#11040**
**LEXIE P. NORWOOD, OBA#31414**
Assistant Attorney General
Oklahoma Attorney General's Office
Litigation Division
313 NE 21st Street
Oklahoma City, OK   73105
Telephone:   (405) 521-3921
Facsimile:    (405) 521-4518
Email: richard.mann@oag.ok.gov
Email: lexie.norwood@oag.ok.gov
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day July 2019, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing. I further that a true and correct copy of the foregoing document was sent via the ECF System to the following persons who are registered participants:

Stanley M. Ward
Woodrow K. Glass
Barrett T. Bowers
1601 36th Ave. NW, Ste. 100
Norman, OK 73072
*Attorney for Plaintiff*

 /s/Richard N. Mann
Richard N. Mann