IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NATHAN J. GOAD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-19-562-PRW |
| ) | |
| THE STATE OF OKLAHOMA *ex rel.* ) | |
| THE BOARD OF REGENTS OF REGIONAL ) | |
| UNIVERSITY SYSTEMS OF OKLAHOMA, ) | |
| as governing board of the UNIVERSITY ) | |
| OF CENTRAL OKLAHOMA, ) | |
| ) | |
| -and- ) | |
| ) | |
| STEVEN HANSEN, individually, ) | |
| ) | |
| Defendants. ) | |

## JOINT STATUS REPORT AND DISCOVERY PLAN

Date of Conference:       Tuesday, August 4, 2020 at 9:30 a.m.

Appearing for Plaintiff:  Barrett T. Bowers, OBA#30493
                             Ward & Glass, L.L.P.
                             1601 36th Ave NW, Ste. 100
                             Norman, Oklahoma 73072
                             (405) 360-9700- T
                             (405) 360-7902- F
                             barrett@wardglasslaw.com

Appearing for Defendants: Jeb Joseph, OBA #19137
                             Lauren Ray, OBA #22694
                             Assistant Attorneys General
                             313 NE 21st Street
                             Oklahoma City, OK 73105
                             (405) 521-3921
                             (405) 521-6246 FAX

Jeb.joseph@oag.ok.gov
Lauren.ray@oag.ok.gov

**Jury Trial Demanded X  -  Non-Jury Trial ☐**

1. **BRIEF PRELIMINARY STATEMENT**. State briefly and in ordinary language the facts and positions of the parties to inform the judge of the general nature of the case.

   Plaintiff: Plaintiff Nathan Goad was terminated from his position of Assistant to the Dean of the College of Fine Arts and Design at the University of Central Oklahoma on August 22, 2017 by Defendant Steven Hansen. Goad is an openly gay male, and his behavior does not conform to certain gender stereotypes in that he is attracted to, dates, and desires to have a family with another man, rather than with a woman. Defendants terminated Goad because of Goad's gender in violation of Title VII of the Civil Rights Act of 1964, as amended.

   Goad also engaged in protected opposition to unlawful discrimination (i.e., pay inequalities that violated Title VII) and engaged in speech protected by the First Amendment of the United States Constitution. Defendants terminated Goad because of his protected opposition in violation of Title VII and/or his protected speech in violation of 42 U.S.C. § 1983.

   Defendant: Defendants content that Plaintiff caused or contributed to the alleged injuries and damages by Plaintiff's own behavior. All employment decisions regarding Plaintiff were made in good faith and for bona fide legitimate reasons. Defendants did not discriminate or retaliate in any dealings with Plaintiff at any time relevant to the Complaint.

2. **JURISDICTION**. State the basis on which the jurisdiction of the Court is invoked and any presently known objections.

   This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under federal law.

   Venue is proper in this judicial district because all or part of Goad's cause of action arose within the Western District of Oklahoma.

3. **STIPULATED FACTS**. List stipulations as to all facts that are not disputed, including jurisdictional facts.

   A. The Court has subject matter jurisdiction over Plaintiff's claims.

   B. The Court has personal jurisdiction over the Defendant.

   C. Venue is proper in this Court.

4. **CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT**.

   Plaintiff:

   1. Plaintiff is in a protected class under Title VII of the Civil Rights Act of 1964, as amended, because of his gender and because he engaged in protected opposition to unlawful discrimination.

   2. Plaintiff performed his job duties and responsibilities in a competent and satisfactory manner.

   3. Plaintiff was terminated from his position and therefore suffered an adverse employment action and/or materially adverse employment action.

   4. Plaintiff's termination was because of, or in significant part because of, his gender and/or because of his protected opposition to unlawful discrimination.

   5. Any proffered legitimate, non-discriminatory and/or non-retaliatory reason that UCO asserts for Plaintiff's termination is a pretext for intentional race discrimination.

   6. Defendant UCO's affirmative defenses are without merit and legally inapplicable.

   7. As a direct and proximate result of UCO's intentional gender discrimination and/or intentional retaliation against Plaintiff, Plaintiff has suffered economic and noneconomic damages.

   8. Plaintiff prays for judgement against Defendant UCO for violations of Title VII as follows:

    a. That Defendant be ordered to make Plaintiff whole by providing all the remedies and relief authorized by 42 U.S.C. § 2000e-5(g);

    b. That Defendant be enjoined and restrained from further acts of discrimination and/or retaliation against Plaintiff;

    c. That Defendant be ordered to pay Plaintiff economic and compensatory damages in an amount to be determined by the jury at the time of trial;

    d. That Defendant be ordered to reinstate Plaintiff to his position or, in lieu of reinstatement, that Defendant be ordered to pay Plaintiff front pay for a period of years as determined just and equitable by the Court;

    e. That Defendant be ordered to pay Plaintiff's costs as authorized by law, including a reasonable attorney's fee;

    f. That Defendant be ordered to pay pre-judgment interest in accordance with the proof at the time of trial;

    g. That Defendant be ordered to pay post-judgment interest; and

    h. For any and all further make-whole relief as the Court or jury deems just and proper.

9. Plaintiff engaged in speech on a matter of public concern, *i.e.* speech on the use and expenditure of public monies for the private gain of a public university administrator;

10. Plaintiff engaged in this speech as a citizen of the United States and not pursuant to any duties which he was paid to perform by UCO. As such, Goad's speech was protected by the First Amendment.

11. Plaintiff had a substantial and weighty interest in speaking out on the use of public funds for private purposes.

12. Defendant Steven Hansen was acting under color of state law at the time that he terminated Plaintiff's employment.

13. Defendant Hansen did not have any legitimate interest in terminating Plaintiff's employment. Plaintiff's speech was not unduly disruptive and did not disrupt UCO's workplace.

14. Plaintiff's right to free speech was clearly established at the time that Defendant Hansen caused Plaintiff's termination. It would have been clear to a reasonable official in Hansen's position that his conduct was unconstitutional and unlawful.

15. As a direct and proximate result of Plaintiff's speech on a matter of public concern, Defendant Hansen caused Plaintiff's termination as the Assistant to the Dean of the College of Fine Arts and Design.

16. As a direct and proximate result of Plaintiff's termination, Plaintiff has suffered economic loss, mental anguish and emotional distress, sleeplessness, anxiety, humiliation, embarrassment, injury to his professional reputation, inconvenience, loss of enjoyment of life, and other nonpecuniary losses, all to Plaintiff's damage in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00).

17. Hansen acted intentionally, deliberately and with malice or with reckless disregard in that he specifically terminated Plaintiff because of Plaintiff's speech on a matter of public concern. Accordingly, Plaintiff seeks punitive and exemplary damages against Defendant Hansen in an amount determined by the jury at the time of trial and in accordance with the law.

18. Plaintiff Nathan J. Goad prays for judgment against Defendant Steven Hansen under 42 U.S.C. § 1983 as follows:

    a. For his actual damages, both economic and non-economic, in a sum in excess of Seventy-Five Thousand Dollars and No/100 ($75,000.00) in accordance with the proof at the time of trial;

    b. For punitive and exemplary damages in an amount to be determined by the jury in accordance with law and in accordance with the proof at the time of trial;

    c. For pre-judgment and post-judgment interest thereon as provided by law;

    d. For his costs and expert witness fees as provided by 42 U.S.C. § 1988;

  e. For a reasonable attorney fee as provided by 42 U.S.C. § 1988; and

  f. For such other and further relief as the Court or jury deems just and proper.

<u>Defendant</u>: Defendants do not have any claims for damages against Plaintiff.

5. **APPLICABILITY OF FED. R. CIV. P. 5.1 AND COMPLIANCE**.
Do any of the claims or defenses draw into question the constitutionality of a federal or state statute where notice is required under 28 U.S.C. § 2403 or Fed. R. Civ. P. 5.1?
  ☐ Yes X No

6. **MOTIONS PENDING AND/OR ANTICIPATED** (include date of filing, relief requested, and date responsive brief to be filed).

There are no pending motions before the Court. The parties anticipate filing a joint motion for protective order to govern the disclosure of confidential documents or other confidential information. Defendant may file a motion for summary judgment.

7. **COMPLIANCE WITH RULE 26(a)(1)**. Have the initial disclosures required by Fed. R. Civ. P. 26(a)(1) been made? **Parties to exchange by 7/31/20.**

8. **PLAN FOR DISCOVERY**.

 A. The discovery planning conference (Fed. R. Civ. P. 26(f)) was held on <u>July 21, 2020</u>.

 B. The parties anticipate that discovery should be completed within <u>8 months</u>.

 C. In the event ADR is ordered or agreed to, what is the minimum amount of time necessary to complete necessary discovery prior to the ADR session? <u>4 months</u>.

 D. Have the parties discussed issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced, pursuant to Fed. R. Civ. P. 26(f)(3)(C)?

6

Case 5:19-cv-00562-PRW   Document 17   Filed 07/28/20   Page 7 of 8

X Yes ☐ No

E. Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material pursuant to Fed. R. Civ. P. 26(f)(3)(D)?

X Yes ☐ No

To the extent the parties have made any agreements pursuant to Fed. R. Civ. P. 26(f)(3)(D) and Fed. R. Civ. P. 502(e) regarding a procedure to assert claims of privilege/protection after production and are requesting that the court include such agreement in an order, please set forth the agreement in detail below and submit a proposed order adopting the same.
N/A

F. Identify any other discovery issues which should be addressed at the scheduling conference, including any subjects of discovery, limitations on discovery, protective orders needed, or other elements (Fed. R. Civ. P. 26(f)) which should be included in a particularized discovery plan.

9. **ESTIMATED TRIAL TIME**: 3 days

10. **BIFURCATION REQUESTED**: ☐ Yes  X No

11. **POSSIBILITY OF SETTLEMENT**:  ☐ Good   X Fair ☐ Poor

12. **SETTLEMENT AND ADR PROCEDURES**:

    A. Compliance with LCvR 16.1(a)(1) - ADR discussion:  X Yes   ☐ No

    B. The parties request that this case be referred to the following ADR process:

        ☐ Court-Ordered Mediation subject to LCvR 16.3
        ☐ Judicial Settlement Conference
        ☐ Other _____
        X None - the parties do not request ADR at this time.

13. Parties consent to trial by Magistrate Judge?  ☐ Yes   X No

14. <u>Type of Scheduling Order Requested</u>. X Standard - ☐ Specialized (If a specialized scheduling order is requested, counsel should include a statement of reasons and proposal.)

Submitted this 28th day of July, 2020.

/s/ Barrett T. Bowers<br>
Counsel for Plaintiff

/s/     Lauren Ray<br>
Counsel for Defendants